1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10   PEWELI NEYENS,

11            Plaintiff,

12            v.

13   AMERICAN FAMILY MUTUAL
     INSURANCE COMPANY,
14
              Defendant.
15

CASE NO. C12-1038JLR

ORDER GRANTING IN PART
AND DENYING IN PART
MOTION TO DISMISS

16       This matter comes before the court on Defendant American Family Mutual

17   Insurance Company's ("American Family") motion to dismiss claims pursuant to Federal

18   Rule of Civil Procedure 12(b)(6).  (Mot. (Dkt. # 19).)  American Family argues that five

19   of the claims brought against it by Plaintiff Peweli Neyens fail to state a claim upon

20   which relief can be granted.  (*Id.* at 1-2.)  The court mostly agrees with American Family,

21   except with respect to Ms. Neyens' claims for declaratory judgment and violation of the

22   Washington Consumer Protection Act ("CPA").  Being fully advised, having reviewed

1   the governing law and the submissions of the parties, and no party having requested oral

2   argument, the court GRANTS in part and DENIES in part the motion (Dkt. # 19).

3                                    I.    BACKGROUND

4            This is an insurance dispute arising out of a hit-and-run bicycle accident.  Plaintiff,

5   Ms. Neyens, was riding her bicycle in Maui, Hawaii, when she was struck by a vehicle

6   that quickly sped off.  (Compl. (Dkt. # 2) ¶ 2.1.)  Ms. Neyens required considerable

7   medical treatment costing her over $108,000.00.  (*Id.* ¶ 2.2.)  Ms. Neyens was insured by

8   American Family with a policy that included $100,000.00 in uninsured motorist (UIM)

9   coverage and $10,000.00 in personal injury protection (PIP).  (*Id.* ¶ 2.3.)  However, Ms.

10  Neyens was unable to collect on her policy right away.  (*Id.* ¶¶ 2.3-2.4.)  American

11  Family eventually paid the $100,000.00 limit on her policy, but only after a 19-month

12  period which included eight months of arbitration.  (*Id.*)  Due to the delay, Ms. Neyens

13  brought this action against American Family in King County Superior Court.  (*See*

14  Compl.)  Her complaint alleges numerous causes of action including, among others,

15  breach of contract, the tort of outrage, and violations of the CPA.  (*See* Compl. ¶¶ 3.1-

16  3.8.)  American Family removed the case to this court on the basis of diversity

17  jurisdiction, and the court is now tasked with sorting through Ms. Neyens' causes of

18  action to determine which of them state a plausible claim for relief and which do not.

19  (*See* Not. of Removal (Dkt. # 1).)

20  //

21  //

22  //

ORDER- 2

1

## II.   ANALYSIS

2      American Family moves to dismiss five of Ms. Neyens' seven causes of action. It

3   has not challenged all of them, so several will remain part of the case after this order. For

4   the five challenged causes of action, the court considers each in turn, largely agreeing

5   with American Family and dismissing all challenged claims except Ms. Neyens' CPA

6   claim and claim for declaratory relief.

7   **A.   Standard on a 12(b)(6) Motion**

8      To survive a motion to dismiss, a plaintiff need only allege "enough facts to state a

9   claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S.

10   544, 570 (2007). This requires more than "labels and conclusions" or a "formulaic

11   recitation of the elements of a cause of action," *id.* at 555; a complaint must allege

12   "factual content that allows the court to draw the reasonable inference that the defendant

13   is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The

14   court's job is to determine whether the facts alleged in the complaint, viewed in the light

15   most favorable to the plaintiff, would entitle the plaintiff to relief. *Moss v. United States*

16   *Secret Service*, 572 F.3d 962, 967-68 (9th Cir. 2009). The court should dismiss a claim

17   that either (a) fails to state a cognizable legal theory; or (b) fails to allege sufficient facts

18   to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696,

19   699 (9th Cir. 1990).

20   **B.   Breach of Fiduciary Duty**

21      First, the court holds that Plaintiff's cause of action for breach of fiduciary duty

22   fails to state a cognizable legal theory. Ms. Neyens' breach of fiduciary duty claim is

1  based on certain language in Washington case law characterizing the insurer's role as

2  "fiduciary in nature," "quasi-fiduciary," or having "fiduciary aspects." *See, e.g., Mahler*

3  *v. Szucs*, 957 P.2d 632, 641 (Wash. 1998); *Van Noy v. State Farm Mut. Auto. Ins. Co.*, 16

4  P.3d 574, 578-79 (Wash. 2001); *Safeco Ins. Co. of Am. v. Butler*, 823 P.2d 499, 504

5  (Wash. 1992).

6       However, it does not appear that any Washington court has ever recognized a

7  cause of action by an insured for breach of fiduciary duty against an insurer. *See*

8  THOMAS V. HARRIS, WASHINGTON INSURANCE LAW § 2.02 (3d ed. 2010) (discussing the

9  "muddled and confusing" Washington case law regarding fiduciary duty in the insurance

10  context).  Ms. Neyens does not point the court to any case recognizing this as a cause of

11  action, nor is the court aware of one.  This is probably because Washington courts, while

12  they occasionally employ the word "fiduciary" in insurance cases, also recognize that the

13  insurance relationship is "not a true fiduciary relationship," but "something less."  *Safeco*,

14  823 P.2d at 503; *Van Noy*, 16 P.3d at 578 (insurance relationship is not a "true fiduciary"

15  relationship); *St. Paul Fire & Marine Ins. Co. v. Onvia, Inc.*, 196 P.3d 664, 667 (2008)

16  (insurance relationship is only "akin to" a fiduciary relationship).  Since there is no true

17  fiduciary relationship between an insurer and its insureds, Washington courts have not

18  recognized, and likely would not recognize, a cause of action for breach of fiduciary duty

19  in the insurance context.

20       The court will not blaze a new path for Washington law where the case law

21  suggests it should not.  Federal courts predicting state law should hesitate to create causes

22  of action which heretofore have not been recognized in the state courts. *See Todd v.*

ORDER- 4

1   *Societe Bic, S.A.*, 21 F.3d 1402, 1412 (7th Cir. 1994) ("When given a choice between an

2   interpretation of [state] law which reasonably restricts liability, and one which greatly

3   expands liability, we should choose the narrower and more reasonable path (at least until

4   the [state] Supreme Court tells us differently)."); *Insolia v. Philip Morris Inc.*, 216 F.3d

5   596, 607 (7th Cir. 2000) ("Federal courts are loathe to fiddle around with state law.

6   Though district courts may try to determine how the state courts would rule on an unclear

7   area of state law, district courts are encouraged to dismiss actions based on novel state

8   law claims."). In light of this principle and in light of Washington case law on fiduciary

9   duty in the insurance context, the court declines to create a cause of action for breach of

10  fiduciary duty that has never previously existed. Accordingly, the court GRANTS with

11  prejudice American Family's motion to dismiss with respect to this claim because Ms.

12  Neyens fails to state a cognizable legal theory.

13  **C.     IFCA Claim**

14          Next, American Family moves to dismiss a claim brought by Ms. Neyens under

15  the Insurance Fair Conduct Act ("IFCA"), and specifically under RCW § 48.30.015.

16  Under IFCA, an insurer can be subject to treble damages if it unreasonably denies a claim

17  for insurance coverage. RCW § 48.30.015.

18          Here, Ms. Neyens fails to allege sufficient facts to meet even IFCA's most basic

19  requirements. By its clear terms, IFCA only creates a cause of action for claimants who

20  are "unreasonably denied a claim for coverage or payment":

21          Any first party claimant to a policy of insurance who is unreasonably
            denied a claim for coverage or payment of benefits by an insurer may bring
22          an action in the superior court of this state to recover the actual damages

1    sustained, together with the costs of the action, including reasonable
2    attorneys' fees and litigation costs . . . .

RCW § 48.30.015(1).  Ms. Neyens fails to allege one critical fact:  that she was denied a
3
claim for coverage or payment.  (*See* Compl.)  In fact, it appears American Family paid
4
her the limits under her policy (although it took 19 months to do so).  (*See* Mot. at 3
5
(citing Compl. at ¶ 2.3).)  Thus, even if the court were to assume American Family's
6
behavior was unreasonable, Ms. Neyens does not plead facts sufficient to support an
7
IFCA claim.
8
        Ms. Neyens cites only one case to the contrary, but that case does not support her
9
position.  She cites *Freeman v. State Farm Mutual Automobile Insurance Co.*, in which
10
the court held that there was a "denial of coverage" for IFCA purposes even though the
11
insurer actually paid out money under the policy.  No. C11-761, 2012 WL 2891167 at *3
12
n.3 (W.D. Wash. July 16, 2012).  In *Freeman*, however, the insurer paid only $5,000.00
13
of the $100,000.00 policy limit even though the insured asked for much more.  *Id.* at *1-
14
2.  In those circumstances, the underpayment was treated as a "denial" because it was the
15
functional equivalent of a denial.  *Id.* at *3 n.3.  Here, in contrast, Ms. Neyens admits that
16
American Family paid her the entire $100,000.00 policy limit.  (*See* Mot. at 3 (citing
17
Compl. at ¶ 2.3).)  In no sense can it be said that American Family "denied" Ms. Neyens'
18
claim.  As such, IFCA does not apply and the court GRANTS without prejudice
19
American Family's motion to dismiss with respect to this claim.  As a corollary, the court
20
also GRANTS without prejudice American Family's motion to dismiss with respect to
21
Ms. Neyens' claim for exemplary damages under IFCA.
22

**D.     Tort of Outrage**

Next, the court holds that Ms. Neyens does not allege sufficient facts to support her claim for the tort of outrage. To state a claim for outrage, a plaintiff must demonstrate three elements: (1) extreme and outrageous conduct; (2) intentional or reckless infliction of emotional distress; and (3) resulting severe emotional distress. *Kloepfel v. Bokor*, 66 P.3d 630, 632 (Wash. 2003). The conduct in question must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community. *Dicomes v. State*, 782 P.2d 1002, 1012-13 (Wash. 1989).

Here, Ms. Neyens alleges no facts that come close to supporting the tort of outrage. (*See* Compl. ¶¶ 2.3-2.5.) She alleges only that American Family did not pay her fast enough and forced her to arbitrate. (*Id.*) This conduct is not so outrageous or extreme that it goes beyond all bounds of decency or would be utterly intolerable in a civilized community. *See Kloepfel*, 66 P.3d at 632. This is especially true because American Family did, ultimately, pay the limits on Ms. Neyens' policy. (*See* Mot. at 3 (citing Compl. at ¶ 2.3).) Just as important, Ms. Neyens does not allege, nor is there any indication in the record, that American Family delayed payments to her either intentionally or recklessly for the purpose of inflicting emotional distress upon her. In fact, Ms. Neyens alleges that American Family took these actions "to maximize profit." (Compl. ¶ 2.5.) Ms. Neyens' allegations do not state a claim for outrage. Thus, the court GRANTS without prejudice American Family's motion to dismiss this claim.

//

1  **E.    Declaratory and Injunctive Relief**

2          Ms. Neyens also asks the court for "Declaratory Judgment/Injunctive Relief,"

3  requesting that the court declare her rights, award attorney fees, and enjoin American

4  Family from delaying payment in the future:

5          Plaintiff has standing under RCW 7.24.020 and is entitled to declaratory
           judgment on the following issues:
6
           A. American Family unreasonably delayed coverage, requiring plaintiff to
7              submit to binding arbitration and to file this lawsuit and seek injunctive
               relief preventing American Family in the future from so acting.
8          B. Plaintiff may recover her attorney fees and litigation costs by being
               forced to assume the burden of legal action in this lawsuit to collect
9              policy benefits.

10 (Compl. ¶ 3.8.)

11         Ms. Neyens states a plausible claim for declaratory relief but not for injunctive

12 relief.  With respect to declaratory relief, RCW § 7.24.020 allows "a person interested"

13 under a contract to "have determined any question of construction or validity arising

14 under the . . . contract . . . and obtain a declaration of rights . . . thereunder."  Applying

15 this standard, Ms. Neyens would certainly be entitled to the declaratory relief she seeks if

16 all of her allegations were proven true and all reasonable inferences were made in her

17 favor. *See Iqbal*, 556 U.S. at 678.  With respect to injunctive relief, Ms. Neyens has

18 given the court no authority or argument remotely suggesting she is entitled to injunctive

19 relief.  In other words, she has not stated a cognizable legal theory.  As such, the court

20 GRANTS without prejudice the motion to dismiss with respect to injunctive relief and

21 DENIES the motion with respect to declaratory relief.

22

ORDER- 8

1 | **F.   CPA Claim**

2    In contrast to the above claims, Ms. Neyens sufficiently pleads a cognizable cause

3 of action for violation of the CPA.  To prevail on a CPA claim, a plaintiff must prove five

4 elements:  (1) the defendant engaged in an unfair or deceptive act; (2) the act occurred in

5 trade or commerce; (3) the act impacted the public interest; (4) the plaintiff was injured in

6 his or her business or property; and (5) the act actually caused the injury.  *Hangman*

7 *Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 533 (Wash. 1986).

8 Here, American Family does not dispute elements two, three, or five—only elements one

9 (unfair or deceptive act) and four (injury to business or property).  (Mot. at 13.)

10    Ms. Neyens adequately pleads both of these elements.  With respect to element

11 one, it is well established that an insured can show an unfair or deceptive act by proving a

12 violation of the administrative regulations set forth in WAC 284-30-300 through WAC

13 284-30-410.  *Indus. Indem. Co. of Nw., Inc. v. Kallevig*, 792 P.2d 520, 528-29 (Wash.

14 1990); *see also* HARRIS, WASHINGTON INSURANCE LAW § 8.03.  Ms. Neyens alleges that

15 American Family violated WAC 284-30-330(1)-(7), and she also alleges facts to support

16 this claim.  (Compl. ¶¶ 2.3-2.5, 3.2.)  This meets her pleading burden for element one.

17 As element four—injury to business or property—Ms. Neyens alleges damages,

18 including "consumer loss of benefits, loss of peace of mind, [and] property damage . . . ."

19 (*Id.* ¶ 4.1.)  Further, her factual allegations support a reasonable inference that she

20 suffered financial harm from the delay.  (*See id.* ¶ 2.3-2.5).  Again, this is sufficient to

21 meet her burden at the pleading stage.  *See Iqbal*, 556 U.S. at 678.  Accordingly, the court

22 DENIES American Family's motion with respect to the CPA claim.

### III.   CONCLUSION

Based on the foregoing, the court GRANTS American Family's motion to dismiss with respect to Ms. Neyens' claims for breach of fiduciary duty, violation of IFCA, the tort of outrage, and injunctive relief.  The court DENIES American Family's motion with respect to Ms. Neyens' claims for declaratory relief and violation of the CPA.  Any amended pleadings should be filed before the May 1, 2013 amended pleadings deadline. (*See* Minute Order Setting Trial Date (Dkt. # 18).)

Dated this _11_ day of November, 2012.


JAMES L. ROBART
United States District Judge

ORDER- 10